**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| RICHARD BIGI, | ) | |
| | ) | |
| *Plaintiff,* | ) | **CIVIL ACTION** |
| | ) | **NO. _____** |
| v. | ) | |
| | ) | **ORIGINAL CLASS** |
| ASSET RECOVERY SOLUTIONS, LLC, | ) | **ACTION COMPLAINT** |
| and THE BUREAUS, INC., and | ) | |
| BUREAUS INVESTMENT GROUP | ) | **CV411-276** |
| PORTFOLIO NO. 15, LLC. | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | Jury Trial Demanded |
| | ) | |

## NATURE OF ACTION

1.  This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff hereby incorporates his Certificate of Interested Parties, attached hereto, pursuant to S.D. Ga. LR 3.2.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where acts and transactions giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendants transact business in this State and this District.

## PARTIES

4.     Plaintiff Richard Bigi ("Plaintiff") is a natural person who at all relevant times resided in the State of Georgia, County of Chatham.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant Asset Recovery Solutions, LLC ("Asset"), is a foreign for-profit limited liability company, with its principal office located at 2200 E. Devon Ave. #200, Des Plaines, IL. 60018.  Asset may be served by and through its registered agent: Tony Eshaya, 8829 N Birch, Morton Grove, IL 60053.

7.     Asset is a company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8.     Asset uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due,

2

or asserted to be owed or due another.

9.     Asset is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10.    Defendant, Bureaus Investment Group Portfolio No. 15 LLC ("BIGP"), is a foreign for-profit limited liability company, with its principal office located at 1717 Central Avenue, Evanston, IL 60204.  BIGP may be served by and through its registered agent: Michael Slotky, 1717 Central Avenue. Evanston, IL 60204.

11.    BIGP is a company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12.    BIGP uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.    BIGP is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14.    Defendant, The Bureaus, Inc. ("TBI"), is a foreign for-profit limited liability company, with its principal office located at 1717 Central Street,

3

Evanston, IL 60201. TBI may be served by and through its registered agent: Aristotle Sangalang, 1717 Central Street, Evanston, IL 60201.

15. TBI is a company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16. TBI uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17. TBI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18. Upon information and belief, Asset, BIGP, and TBI acted jointly and in concert to collect a debt from Plaintiff, and generally act jointly and in concert to collect consumer debts incurred primarily for personal, family or household purposes.

19. Upon information and belief, BIGP is a wholly owned subsidiary and is under the common control and ownership of TBI.

20. Upon information and belief, BIGP takes title of delinquent debts purchased by TBI.

4

21.     BIGP, by virtue of its status as a "debt collector", is vicariously liable for the debt collection activity of TBI and Asset—the debt collectors hired to collect debts on its behalf. *See Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006); *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 667-68 (N.D. Tex. 2010).

## FACTUAL ALLEGATIONS

22.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, BIGP and once owed or due, or asserted to be owed or due, HSBC Card Services, Inc.

23.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due BIGP, arises from a transaction or transactions in which the money, property, insurance, goods and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

24.     In connection with collection of an alleged debt from Plaintiff, Asset, on behalf of itself, TBI, and BIGP, sent Plaintiff written communication dated March 13, 2011, which is attached to this complaint as Exhibit A.

25.     The March 13, 2011 letter states: "Your account will be forwarded to an attorney who is licensed to practice in your state on April 25, 2011 if the debt remains unresolved." This statement was placed in a text-box and written in bold typeface that was significantly larger than that of the remainder of the correspondence.

26.     The March 13, 2011 letter also states: "We have tried to contact you several times regarding the above-referenced account, but have not been able to arrive at an acceptable resolution. Unless this matter is resolved by April 25, 2011, we will refer your account for collection to an attorney who is licensed to practice law in your state."

27.     Each of the above-two-mentioned statements were placed above the disclosures required pursuant to 15 U.S.C. § 1692g(a).

28.     The placement and design of the March 13, 2011 letter demonstrates that Defendants designed the letter to specifically draw Plaintiff's attention away

from the recitation of his consumer rights, and direct Plaintiff's attention toward a threat of impending litigation.

29.     Upon information and good-faith belief, Asset did not forward the account to an attorney and never intended to take such action.

30.     Defendants, as a matter of pattern and practice, mail or send, or cause to be mailed or sent, communications to alleged debtors using language and design substantially similar or materially identical to that used in the above-mentioned March 13, 2011 letter to Plaintiff.

31.     The Letter is a standardized form letter which, upon information and belief, was sent over the course of the past year by Defendants to at least 200 Georgians.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

33.     Plaintiff brings this action on behalf of himself and all others similarly situated.  Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in the State of Georgia who, within one year before the date of this complaint received a letter from Defendants in connection with an attempt to

collect any consumer debt, where the letter was
substantially similar or materially identical to the letter
delivered to Plaintiff.

34.   The proposed class specifically excludes the United States of
America, the states of the Eleventh Circuit, counsel for the parties, the presiding
United States District Court Judge, the Judges of the United States Court of
Appeals for the Eleventh Circuit and the Justices of the United States Supreme
Court, all officers and agents of Defendants and all persons related to within the
third degree of consanguinity or affection to any of the foregoing individuals.

35.   The class is averred to be so numerous that joinder of members is
impracticable.

36.   The exact number of class members is unknown to Plaintiff at this
time and can be ascertained only through appropriate discovery.

37.   The class is ascertainable in that the names and addresses of all class
members can be identified in business records maintained by Defendants.

38.   There exists a well-defined community of interest in the questions of
law and fact involved that affect the parties to be represented.  These common
questions of law and fact predominate over questions that may affect individual
class members.  Such issues include, but are not limited to: (a) The existence of

Defendants' identical conduct particular to the matters at issue; (b) Defendants' violations of 15 U.S.C. §1692 *et seq.*; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

39.     The claims of Plaintiff are typical of those of the classes they seek to represent.

40.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendants.  Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

41.     Plaintiff possesses the same interests and has suffered the same injuries as each class member.  Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

42.     Plaintiff will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

43.     Plaintiff is willing and prepared to serve this Court and proposed class.

44.     The interests of Plaintiff is co-extensive with and not antagonistic to

those of the absent class members.

45.    Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

46.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B).  The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

47.    The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

48.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that

Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

49.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

50.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual class members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(5).

51.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 49.

11

52.     15 U.S.C. § 1692e(5) provides:

> A debt collector may not use any false, deceptive, or
> misleading representation or means in connection with
> the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a
> violation of this section:
>
> *       *       *
>
> (5) The threat to take any action that cannot legally be
> taken or that is not intended to be taken.

53.     Defendants' letter stated, "Your account will be forwarded to an attorney who is licensed to practice in your state on April 25, 2011 if the debt remains unresolved." This statement was placed in a text-box and written in bold typeface that was significantly larger than that of the remainder of the correspondence.

54.     Defendants' letter to Plaintiff also stated, "We have tried to contact you several times regarding the above-referenced account, but have not been able to arrive at an acceptable resolution. Unless this matter is resolved by April 25, 2011, we will refer your account for collection to an attorney who is licensed to practice law in your state."

55.    Upon information and good-faith belief, Defendants never forwarded the account to an attorney, did not intend on taking that action, and never or very rarely take that action.

56.    Defendants' violated 15 U.S.C. § 1692e(5) by threatening to turn over the alleged debt to an attorney, an action that Defendants did not intend to take.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendants violated 15 U.S.C. § 1692e(5).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10).

57. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 55.

58. 15 U.S.C. § 1692e(10) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *     *     *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

59.   Defendants' letter stated, "Your account will be forwarded to an attorney who is licensed to practice in your state on April 25, 2011 if the debt remains unresolved." This statement was placed in a text-box and written in bold typeface that was significantly larger than that of the remainder of the correspondence.

60.   Defendants' letter to Plaintiff also stated, "We have tried to contact you several times regarding the above-referenced account, but have not been able to arrive at an acceptable resolution. Unless this matter is resolved by April 25, 2011, we will refer your account for collection to an attorney who is licensed to practice law in your state."

61.   Upon information and good-faith belief, Defendants never forwarded the account to an attorney and never intend taking such action.

62.   Because Defendants never intended to forward the account to an attorney, the statements constitute a false representations and deceptive practices in violation of Section 1692e(10) of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal

Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendants violated 15 U.S.C. § 1692e(10).

c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

d. Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b).

63.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 61.

64.    The FDCPA at section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

65.    The FDCPA at section 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with  the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

66.    To comply with 15 U.S.C. § 1692g(b), a debt collector's validation notice, pursuant to 15 U.S.C. § 1692g(a), must not be overshadowed and contradicted by other portions of the communication. *See, e.g., Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)(finding that "screaming headlines. . . and huge lettering all point to a deliberate policy on the part of the collector to evade the spirit of the notice statute, and mislead the debtor into disregarding the notice."); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir. 1988)(finding that a notice insufficient when placed at the very bottom of the form in a small, ordinary face type, dwarfed by a bold faced, underlined message three times the size which dominates the center of the page [and] the substance of the language stands in threatening contradiction to the text of the debt validation notice."); *In re Martinez*, 271 B.R. 696 (S.D. Fla. 2001)(finding that collector failed to advise consumer, in non-confusing manner, where notice appear in page 8 of 16-page

communication and was overshadowed by other language expressing a sense of urgency), *aff'd*, *In re* Martinez, 311 F.3d 127 (11th Cir. 2002).

67.     Defendants' letter to Plaintiff states: "Your account will be forwarded to an attorney who is licensed to practice in your state on April 25, 2011 if the debt remains unresolved." This statement was placed in a text-box and written in bold typeface that was significantly larger than that of the remainder of the correspondence.

68.     Defendants' letter to Plaintiff also states,  "We have tried to contact you several times regarding the above-referenced account, but have not been able to arrive at an acceptable resolution.  Unless this matter is resolved by April 25, 2011, we will refer your account for collection to an attorney who is licensed to practice law in your state."

69.     Each of the above-two-mentioned statements were placed above the disclosures required pursuant to 15 U.S.C. § 1692g(a).

70.     The purpose of the placement and design of the March 13, 2011 letter was designed to specifically draw Plaintiff's attention away from the recitation of his consumer rights, and direct Plaintiff's attention toward a threat of impending litigation.

71.     Defendants' actions constitute violations of Section 1692g(a) of the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g.  Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

h.  Adjudging that Defendants violated 15 U.S.C. § 1692g(a).

i.  Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

j.  Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

k.  Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

l.   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

72.   Plaintiff is entitled to and hereby demands a trial by jury on all counts.

Dated: November 1, 2011.          Respectfully submitted,

By:  /s/ Dennis R. Kurz
     Dennis R. Kurz
     Georgia Bar No. 430489
     WEISBERG & MEYERS, LLC
     5025 N. Central Ave. #602
     Phoenix, AZ 85012
     (888) 595-9111 ext. 412
     (866) 842-3303 (fax)
     dkurz@attorneysforconsumers.com

     *Attorneys for Plaintiff*
     RICHARD BIGI