**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| RICHARD BIGI, )<br><br>  Plaintiff, )<br><br>v. )<br><br>ASSET RECOVERY SOLUTIONS, LLC, )<br>and THE BUREAUS, INC., and )<br>BUREAUS INVESTMENT GROUP )<br>PORTFOLIO NO. 15, LLC, )<br><br>  Defendants. )<br>_____ ) | Civil Action File No.<br>4:11-CV-00276-BAE-GRS |

**DEFENDANT ASSET RECOVERY SOLUTIONS, LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, Asset Recovery Solutions, LLC, ("Defendant" and/or

"ARS"), Defendant in the above-referenced action and files this Answer in

response to the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's complaint fails to state a claim against Defendant upon which

relief may be granted.

**SECOND DEFENSE**

Any act or omission by Defendant, if determined to be in violation of the

Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the

result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## FOURTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

### NATURE OF ACTION

1. Defendant admits that Plaintiff is attempting to assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq*. and that Plaintiff is attempting to bring this matter as a class action.

### JURISDICTION AND VENUE

2. Defendant admits that Plaintiff's claims pursuant to the FDCPA raise federal questions.

3.  Defendant denies the allegations contained in Paragraph 3 of Plaintiff's

Complaint.

## PARTIES

4.  Defendant lacks knowledge or information sufficient to form a belief as to

the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  Defendant lacks knowledge or information sufficient to form a belief as to

whether Plaintiff meets the definition of "consumer" as that term is

specifically defined under the FDCPA.

6.  Defendant admits its status a foreign for-profit limited liability company and

that its principal office is located at 2220 E. Devon Avenue, Suite 200, Des

Plaines, Illinois 60018.  ARS denies the remaining allegations contained in

Paragraph 6 of Plaintiff's Complaint.

7.  Defendant admits that it uses the mails and the telephone to collect unpaid

accounts.  Defendant lacks knowledge or information sufficient to form a

belief as to whether Plaintiff's account meets the definition of a "debt" as

that term is specifically defined under the FDCPA.

8.  Defendant admits that it uses instrumentalities of interstate commerce, such

as the mails, to collect unpaid accounts and that such collection is a principal

purpose of its business.

9.  Defendant lacks knowledge or information sufficient to form a belief as to whether it meets the definition of "debt collector" as that term is specifically defined under the FDCPA.  Defendant admits that under certain circumstances it may meet such definition.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant admits that it attempted to collect an unpaid account from Plaintiff.  ARS lacks knowledge or information sufficient to form a belief as to the  remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. The statements contained in Paragraph 21 of Plaintiff's Complaint relate to a legal conclusion to which Defendant is under no known obligation to respond.  To the extent a response is necessary, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

22. Defendant admits that Plaintiff owes an unpaid account and that the original creditor is HSBC Card Services, Inc.  ARS lacks knowledge or information

sufficient to form a belief as to the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits that it sent the correspondence attached to Plaintiff's Complaint as Exhibit A in connection with the collection of an unpaid account.

25. Defendant admits that the correspondence attached to Plaintiff's Complaint as Exhibit A contains a box which includes language: "Your account will be forwarded to an attorney who is licensed to practice in your state on April 25, 2011 if the debt remains unresolved."  Defendant denies that such text is significantly larger than the remainder of the correspondence.

26. Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant admits that it has sent correspondence substantially similar to that attached to Plaintiff's Complaint as Exhibit A to persons other than Plaintiff.

31. Defendant admits that it has sent correspondence substantially similar to that attached to Plaintiff's Complaint as Exhibit A to persons other than Plaintiff.

## CLASS ACTION ALLEGATIONS

32. The statements contained in Paragraph 32 of Plaintiff's Complaint require no response on the part of Defendant.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(5)

51. The statements contained in Paragraph 51 of Plaintiff's Complaint require no response on the part of Defendant.

52. The statements contained in Paragraph 52 of Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent a response is necessary, the allegations are denied on the basis that Plaintiff has not fully and/or completely stated the law.

53. Defendant admits that the correspondence attached to Plaintiff's Complaint as Exhibit A contains the language quoted in Paragraph 53 of Plaintiff's

9

Complaint.  Defendant denies the remaining allegations contained in

Paragraph 53 of Plaintiff's Complaint.

54. Defendant admits that the correspondence attached to Plaintiff's Complaint

as Exhibit A contains the language quoted in Paragraph 54 of Plaintiff's

Complaint.

55. Defendant denies that it had no intention to pursue legal action against

Plaintiff.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's

Complaint and that Plaintiff is entitled to any of the relief, fees, costs, and

damages asserted in the multiple subparagraphs following Paragraph 56.

## COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(10)

57. The statements contained in Paragraph 57 of Plaintiff's Complaint require

no response on the part of Defendant.

58. The statements contained in Paragraph 58 of Plaintiff's Complaint relate to

legal conclusions to which Defendant is under no known obligation to

respond.  To the extent a response is necessary, the allegations are denied on

the basis that Plaintiff has not fully and/or completely stated the law.

59. Defendant admits that the correspondence attached to Plaintiff's Complaint

as Exhibit A contains the language quoted in Paragraph 59 of Plaintiff's

Complaint.  Defendant denies the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant admits that the correspondence attached to Plaintiff's Complaint as Exhibit A contains the language quoted in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies that it had no intention to pursue legal action against Plaintiff.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint and that Plaintiff is entitled to any of the relief, fees, costs, and damages asserted in the multiple subparagraphs following Paragraph 62.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b)

63. The statements contained in Paragraph 63 of Plaintiff's Complaint require no response on the part of Defendant.

64. The statements contained in Paragraph 64 of Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent a response is necessary, the allegations are denied on the basis that Plaintiff has not fully and/or completely stated the law.

65. The statements contained in Paragraph 65 of Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to

respond.  To the extent a response is necessary, the allegations are denied on

the basis that Plaintiff has not fully and/or completely stated the law.

66. The statements contained in Paragraph 66 of Plaintiff's Complaint relate to

legal conclusions to which Defendant is under no known obligation to

respond.  To the extent a response is necessary, the allegations are denied on

the basis that Plaintiff has not fully and/or completely stated the law.

67. Defendant admits that the correspondence attached to Plaintiff's Complaint

as Exhibit A contains the language quoted in Paragraph 67 of Plaintiff's

Complaint.  Defendant denies the remaining allegations contained in

Paragraph 67 of Plaintiff's Complaint.

68. Defendant admits that the correspondence attached to Plaintiff's Complaint

as Exhibit A contains the language quoted in Paragraph 68 of Plaintiff's

Complaint.

69. Defendant admits the allegations contained in Paragraph 69 of Plaintiff's

Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of Plaintiff's

Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's

Complaint.  Defendant further denies that Plaintiff is entitled to relief, costs,

and fees sought in the multiple subparagraphs following Paragraph 71 of

Plaintiff's Complaint.

72. The statement contained in Paragraph 72 of Plaintiff's Complaint requires

no response on the part of Defendant.

73. Defendant denies all remaining allegations contained in Plaintiff's

Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that the Complaint be dismissed with

prejudice; that judgment be granted to Defendant and that the relief requested by

Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and

further relief as the Court deems just and proper.

This 7th day of December, 2011.          Respectfully submitted,

                                           BEDARD LAW GROUP, P.C.

                                           /s/ John H. Bedard, Jr.
                                           John H. Bedard, Jr.
                                           Georgia Bar No. 043473

                                           Counsel for Defendant,
                                           Asset Recovery Solutions, LLC

2810 Peachtree Industrial Blvd.,
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com

13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| RICHARD BIGI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. |
| | ) | 4:11-CV-00276-BAE-GRS |
| ASSET RECOVERY SOLUTIONS, LLC, | ) | |
| and THE BUREAUS, INC., and | ) | |
| BUREAUS INVESTMENT GROUP | ) | |
| PORTFOLIO NO. 15, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2011, I electronically filed Defendant

Asset Recovery Solutions, LLC's Answer to Plaintiff's Complaint using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorney(s) of record:

Dennis Kurz
dkurz@attorneysforconsumers.com

This 7th day of December, 2011.            Respectfully submitted,

                                           BEDARD LAW GROUP, PC

                                           /s/John H. Bedard, Jr.
                                           John H. Bedard Jr.
                                           Georgia Bar No.: 043473